Dear Mr. Gaudin:
You have requested an opinion from the Attorney General regarding the authority, vel non, of the Lafayette Parish School Board (Board) to utilize flexible repurchase agreements as an interim investment for tax exempt bond proceeds.
R.S. 33:2955 constitutes the investment authority of the Board and provides, in pertinent part, the following:
 "A.(1) All municipalities, parishes, school boards, and any other political subdivisions of the state are hereby authorized and directed to invest such monies in any general fund or special fund of the political subdivision, and any other funds under the control of the political subdivision which they, in their discretion, may determine to be available for investment in any of the following obligations:
* * *
 (c) Direct security repurchase agreements of any federal book entry only securities enumerated in Subparagraphs (a) and (b). `Direct security repurchase agreement' means an agreement under which the political subdivision buys, holds for a specific time, and then sells back those securities and obligations enumerated in Subparagraphs (a) and (b)."
The securities and obligations referred to hereinabove constitute direct United States Treasury obligations, the principal and interest of which are fully guaranteed by the government of the United States and bonds, debentures, notes or other evidence of indebtedness issued or guaranteed by federal agencies and/or United States government instrumentalities, of the types set forth in Sections 2955.
Within the investment industry there are at least three categories of repurchase agreements, to-wit: overnight repurchase agreements, term repurchase agreements and flexible repurchase agreements. They differ with respect to their term and liquidity. Thus, overnight repurchase agreements are for a term of only one day; term repurchase agreements typically have terms ranging from a few days up to one year; and flexible repurchase agreements have terms ranging from several months to several years.
With regard to liquidity, overnight repurchase agreements offer no flexibility due to their short term; term repurchase agreements can be terminated prior to maturity subject to market risk; and flexible repurchase agreements offer flexible liquidity parameters, including flexibility with respect to future increases or decreases in the amount of securities purchased. In the case of flexible repurchase agreements, securities can be bought and sold at par at any time during the term of the agreement. This characteristic is compatible with the need for increased liquidity associated with the investment of construction funds of bond proceeds.
We have reviewed the provisions of Section 2955, including the definition of "direct securities repurchase agreement", and are of the opinion that the Board may invest in flexible repurchase agreements provided that the underlying securities subject to the agreement consist of the federal book entry only securities enumerated in Subparagraphs (a) and (b) of Section 2955(A)(1).
We also recommend that, prior to entering into such an agreement, Board representatives contact appropriate legal counsel, including Bond Counsel, and the appropriate financial advisor to insure that the proposed investment is not only proper as to form and legality, but also in the best interest of the Board.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob, III/cla
Date Received: Date Released:
Robert E. Harroun, III Assistant Attorney General